**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIS FLOYD WILEY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-** |
| | § | |
| **CITY OF HOUSTON TEXAS ASSISTANT** | § | |
| **POLICE CHIEF KEVIN DEESE, AND** | § | |
| **CITY OF HOUSTON TEXAS ASSISTANT** | § | |
| **POLICE CHIEF ERNEST GARCIA** | § | |
| *Defendants.* | § | |

**DEFENDANTS ASSISTANT POLICE CHIEF DEESE AND ASSISTANT POLICE
CHIEF GARCIA'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants Assistant Police Chief Kevin Deese and Assistant Police Chief Ernest Garcia ("Defendants") files this their Notice of Removal. In support of said notice, Defendant would respectfully show the Court as follows:

**I.       Local Rule - 81**

1.       Pursuant to Local Rule 81 for the Southern District of Texas, attached are the following:

- Exhibit 1: Plaintiff's Original Petition filed in State Court Action.
- Exhibit 2: Copy of current docket sheet in the State Court Action.
- Exhibit 3: Index of matters being filed.
- Exhibit 4: List of all parties of record.

**II.       STATE COURT ACTION**

On or about March 12, 2024, Plaintiff, Willis Floyd Wiley commenced a civil action in the 190th Judicial District Court of Harris County, Texas, by filing Plaintiff's First

1

Amended Civil Rights Violation bearing the caption Willis Floyd Wiley v. City of Houston Texas Assistant Police Chief Kevin Deese and City of Houston Police Chief Ernest Garcia.

Plaintiff's Original Petition raises a federal cause of action, pursuant to the Fourteenth and Fifth amendments of the U.S. Constitution.  *See* Ex. 1 at ¶2.  Accordingly, the Defendants remove this case and invokes this Court's federal question subject matter jurisdiction.

## III.    GROUNDS FOR REMOVAL

**Federal Question Jurisdiction**

4.    The district courts of the United States have original jurisdiction over this action on the federal questions presented in Plaintiff's petition; namely, the alleged violations of the Fourteenth and Fifth amendments of the U.S. Constitution.  *See* Ex. 1 at 2.

5.    Original jurisdiction over such matters is conferred upon federal district courts by 28 U.S.C. §1331, which states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. §1331; *see also* 28 U.S.C. §§1441(a)-(b), 1443.  In addition to the original jurisdiction granted by 28 U.S.C. §1331, the Court likewise has pendant jurisdiction over all of Plaintiff's state law claims pursuant to 28 U.S.C. §1367.  Therefore, removal of this action is proper.

**Venue**

6.    Venue is proper in this district and division because the State Court Action is pending in Harris County, Texas, which is located within the Southern District of Texas, Houston Division. *See* 28 U.S.C.§1441(a). Venue is also proper in this district and division under 28 U.S.C. § 1443 because this is a civil action for an act under color of authority derived from a law providing for equal rights and because Plaintiff commenced this proceeding in a State court in this district

2

and division.  Additionally, venue is proper in this district and division because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred, if at all, in this judicial district. 28 U.S.C. § 1391(b).

**Removal is Timely**

7.      The Assistant Police Chief Kevin Deese and Assistant Police Chief Ernest Garcia have 30 days for notice of removal after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  *See* 28 U.S.C. §1446(b)(1).  Defendants were served with Plaintiff's First Amended Civil Rights Violation Lawsuit on May 31, 2024. This Notice of Removal is filed within 30 days of the Defendants' receipt of Plaintiff's Original Petition and is therefore timely filed under 28 U.S.C. §1446(b)(1).

**Consent Required**

8.      According to the state court record, Plaintiff has not properly served any other named defendants therefore consent to removal is not required from any other named defendant. 28 U.S.C. § 1446(b)(2)(A).  The Defendants have fulfilled all procedural requirements to timely remove the State Court Action.

**Notice Given**

9.      Simultaneously with the filing of this removal, notice will be given to Plaintiff and all parties who have appeared via their attorneys of record, if any. Additionally, a copy of this Notice of Removal will be filed with the Clerk of the District of Harris County, Texas in the State Court Action under Cause #2024-15203.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Assistant Police Chief Kevin Deese and Assistant Police Chief Ernest Garcia pursuant to these statutes and in conformance with the requirements of 28 U.S.C. §1446, remove this action from the 190th Judicial District Court of Harris County, Texas (Cause #2024-15203) to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY MARTIN
Chief, Torts & Civil Rights Section

Date:   June 21, 2024

By:   */s/ Dani Bradberry*
Dani Bradberry
Assistant City Attorney
ATTORNEY IN CHARGE
SBN: 24031377
FBN:  2050715
832.393.66320
Dani.Bradberry@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile
*Attorneys For Assistant Police Chief Kevin*
*Deese and Assistant Police Chief Ernest Garcia*

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon all parties of record via certified mail on June 21, 2024, to:

Willis Floyd Wiley

258 Cherry Creek Dr.

Shepherd, TX 77371

*/s/ Dani Bradberry*
Dani Bradberry