United States District Court
Southern District of Texas
**ENTERED**
July 26, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| WILLIS FLOYD WILEY, | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-2343 |
|  | § | |
| KEVIN DEESE, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND ORDER**

Willis Floyd Wiley filed this suit alleging that after another vehicle hit him, the driver of that vehicle was arrested and had his case assigned to a Harris County criminal court. (Docket Entry No. 1-1). The case was dismissed by District Attorney Kim Ogg, after three court settings. (Docket Entry No. 2 at 7). The dismissal had a "lack of personnel" code, which appears to refer to a missing witness. (*Id.*). Wiley alleges that the dismissal of charges against the driver that had hit and injured him violated the Fifth and Fourteenth Amendments of the U.S. Constitution and Article 1 § 3a and § 19 of the Texas state constitution.

Wiley sued the City of Houston Assistant Police Chief Kevin Deese and Assistant Police Chief Ernest Garcia in state court. (Docket Entry No. 1). The defendants removed on the basis of federal question jurisdiction and have moved to dismiss. (Docket Entry No. 2). Their arguments are that the complaint allegations cannot result in relief. Wiley did not respond. Based on the record and the applicable law, the court grants the motion to dismiss. The reasons are set out below.

I.   The Legal Standard for Dismissal

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a),

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).  "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**II.      Analysis**

Because Wiley's complaint is not clear as to the specifics of each claim, the court broadly construes the potential grounds for relief Wiley is raising based on the complaint and takes them each in turn. To the extent Wiley's complaint alleges an insufficient investigation into the collision, there are both factual and legal flaws. First, the collision was investigated, a suspect was identified, that suspect was charged, and three hearings were held before the district attorney—not the police officers—dismissed the case. (Docket Entry No. 2 at 7). There is no constitutional right to an investigation that results in the conviction of a suspect. *See* U.S. Const. amend. V, VI.

To the extent Wiley alleges a Fifth Amendment violation, he fails to state a claim. The Fifth Amendment states:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. Const. amend. V. The Fifth Amendment comprises five rights or protections: the right to a jury trial when one is charged with a crime, protection against double jeopardy, protection against self-incrimination, the right to a fair trial, and protection against the taking of property by the government without compensation. *Id*. None of those rights are implicated by Wiley's complaint.

3

To the extent that Wiley alleges a Fourteenth Amendment claim based on due process, his claim fails. Wiley does not allege what deprivation or property loss occurred because the criminal case against the driver that hit him was ultimately dismissed, and the dismissal had a police department code for lack of personnel. (Docket Entry No. 1-1 at 3). Wiley does not allege facts that could show that the defendant officers had any part in the D.A.'s decision to dismiss the case. To properly plead a Fourteenth Amendment violation against officers, there must be allegations of the officers' deliberate involvement in the constitutional violation. *See, e.g.*, *Rochin v. California*, 342 U.S. 165, 172–173 (1952) (the cognizable level of executive violation of due process is that which shocks the conscience); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (liability for negligently inflicted harm is categorically beneath the constitutional due process threshold, while conduct deliberately intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level). Wiley has not pleaded facts showing either the defendants' involvement in the decision to dismiss the criminal charge against the person who hit Wiley, or that Wiley has a constitutional right in the investigation or prosecution of another.

To the extent Wiley alleges physical injuries and emotional distress, his claim fails in two ways. First, he alleges that his distress and injury were caused by the dismissal of the case and the use of "lack of personnel" code with the dismissal. (Docket Entry No. 1-1). Decisions to dismiss cases and to record the reasons are not made by police department officials such as the defendants, but instead by the district attorney. Tex. Code Crim. Proc. Ann. art. 32.02. Second, to the extent that Wiley alleges injury from the dismissal of the criminal case against the individual who was driving a vehicle that collided with Wiley, he cannot state a claim. A private citizen has no constitutional right to have a particular person prosecuted. *Diamond v. Charles*, 476 U.S. 54, 56

4

(1973); *Norman v. U.S. Att'y Gen. for W. Dist. of Texas*, No. 23-50360, 2024 WL 64769, at *2 (5th Cir. Jan. 5, 2024).

And because Wiley bases his suit on actions he alleges were taken by police officers in the course of their employment, the officers are entitled to qualified immunity. (Docket Entry No. 1-1). The rights Wiley alleges—a right to have a police department do a more thorough or better investigation into a car accident, and the right to not have a case against another person dismissed, much less because a certain code was used on the documents relating to the dismissal of the case—do not violate any clearly established law. *See, e.g., McNatt v. Chapa*, No. 2:21-cv-91, 2021 WL 5142796, at *4 (S.D. Tex. Sept. 22, 2021) (citing *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996)) (to prevail on an access-to-the-courts claim, a plaintiff must demonstrate "that his position as a litigant was prejudiced" by the defendant's actions); *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 831 (8th Cir. 2005) (the plaintiff did not plead with particularity that the defendants displayed "deliberate indifference" to the plaintiff's right to access the courts). Wiley alleges no facts that would show that the officers would have clearly known that their actions violated the Constitution.

To the extent that Wiley is alleging negligence in the investigation or documentation of the criminal case against the driver that hit him, the courts have held that there is no due process right to recover because of the process or outcome of an investigation. *Moreno v. City of Progresso, Texas*, 161 Fed. App'x 371, 373 (5th Cir. 2005). The fact that the officers identified and took into custody a suspect for the vehicle collision with Wiley's car undermine any claim of negligent investigatory conduct. (Docket Entry No. 2 at 7).

Similar problems doom Wiley's state constitutional claims. He has not stated a viable claim of violations of the Texas Constitution in the use of a "lack of personnel" code on the

documents reflecting the dismissal of charges against the driver of the car that hit Wiley. To the extent Wiley asserts that the acts alleged are constitutional torts for which damages can be awarded, he is wrong. *See, e.g.*, *Daniels v. City of Arlington*, 246 F.3d 500, 507 (5th Cir. 2001)

### III.   Conclusion

Wiley's complaint fails to state a claim and is dismissed. Because the facts he has alleged preclude his ability to do so in an amended complaint, the dismissal is with prejudice.

SIGNED on July 26, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge